EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff,

v.

The CITY OF LINTON, INDIANA, and State of Indiana, Defendants.

Cause No. TH 82–266–C.

United States District Court,
S.D. Indiana,
Evansville Division.

Sept. 30, 1985.

Laurie A. Young, Regional Atty., E.E.O.C., Ellen K. Thomas, Sr., Trial Atty., E.E.O.C., David B. Hunter, Trial Atty., E.E.O.C., Sharon L. Groeger, Trial Atty., E.E.O.C., Indianapolis, Ind., for plaintiff.

Linley E. Pearson, Atty. Gen. of Ind., by Ronald D. Buckler, Deputy Atty. Gen., Indianapolis, Ind., for State of Ind.

Brian Smith, Linton, Ind., for City of Linton.

## ORDER

BROOKS, District Judge.

This cause having come before this Court on a Motion for Summary Judgment from plaintiff and having fully considered this motion and defendants' motion moving the Court to grant the same, and being fully advised of all the accompanying matters, it is hereby

ORDERED that summary judgment shall be entered in favor of the plaintiff on the State of Indiana's First Affirmative Defense of *bona fide* occupational qualification, and further

ORDERED that defendant, State of Indiana, is prohibited from enforcing or causing to be enforced the hiring age limit of age Thirty-five (35) contained in Indiana Code 36-8-4-7 and 36-8-8-7, and that the same prohibition is ORDERED as to the City of Linton, a previous defendant in this case wherein the Court approved a partial consent decree against the defendant, the City of Linton.

The Court therefore GRANTS the plaintiff's motion for Summary Judgment and Orders this cause dismissed.

## MEMORANDUM

The plaintiff is a proper party to bring this action and is expressly authorized to do so by statute, and the Court has jurisdiction over the subject matter of this action and over the defendant.

All administrative prerequisites to the institution of this lawsuit have been met by the plaintiff.

The defendant is a political subdivision of the State of Indiana, and the State has enacted and enforced the State statutes relevant to this action, *i.e.* Indiana Code 36-8-4-7 and 36-8-8-7, by refusing to hire persons to the city police force after they reach their thirty-sixth birthday. The defendant has adopted and acquiesced in enforcing these statutes.

Neither the defendant nor the State require any physical or psychological examination of municipal police officers subsequent to a pre-employment examination.

On June 9, 1980, the defendant hired Jesse Martin as a Utilities Security Guard and a reserve police officer, but would have hired him as a regular member of the city police force had the State statutes cited herein not been in full force and effect. Mr. Martin was fifty-eight (58) years old at the time the city refused to hire him as a regular member of the city police force.

Neither the State nor the defendant require a periodic physical examination of municipal police officers to determine their continuing fitness to perform their job. Nor has the State or the City established any type of physical fitness program for municipal police officers to ensure or encourage their continuing physical fitness so as to perform their job more effectively and safely. No medical evidence or empirical data was relied upon by the State or City when enacting, enforcing or acquiesing the statutes cited herein.

Prior to the institution of the lawsuit, neither the City nor the State conducted any studies, medical or otherwise, to determine if an age thirty-five (35) limitation for hiring was desirable or necessary to the successful fulfillment of the duties and responsibilities of a police officer.

Both the City and the State permit police officers to remain on the police force after their thirty-sixth (36th) birthday and I.C. 36–8–3.5–20 provides that municipal police officers must retire when they reach their sixty-fifth (65th) birthday.

This is an action pursuant to Section 7(b), 29 U.S.C. Section 626(b) of the Age Discrimination in Employment Act of 1967 (hereinafter the "ADEA") as amended, 29 U.S.C. Section 621, *et seq.*, which provides that the plaintiff is authorized to initiate this action.

This Court has jurisdiction pursuant to 28 U.S.C. Sections 451, 1337, 1343 and 1345.

Section 4(f)(1) of the ADEA, 29 U.S.C. Section 623(f)(1), provides a defense to otherwise prohibited employment practices based on age where age is a *bona fide* occupational qualification (BFOQ) reasonably necessary to the normal operation of the particular business.

■ In order to prevail in a BFOQ defense, an employer must show that the challenged age qualification is reasonably necessary to the essential operation of its business, and must demonstrate either that there is a factual basis for believing that all or substantially all persons above the age limit would be unable to effectively perform the duties of the job, or that it is impossible or impracticable to determine job fitness on an individual basis. *Usery v. Tamiami Trial Tours, Inc.*, 531 F.2d 224, 235–236 (5th Cir.1976); *see also, Orzel v. City of Wauwatosa*, 697 F.2d 743, 753 (7th Cir.) *cert. denied*, 464 U.S. 992, 104 S.Ct. 484, 78 L.Ed.2d 680 (1983).

In order to prevail in a BFOQ defense where an employer's objective in asserting the defense is the goal of public safety, the employer must prove that the challenged practice does indeed effectuate that goal and that there is no acceptable alternative which would better advance it or equally advance it with less discriminatory impact. *Orzel v. City of Wauwatosa*, 697 F.2d 743, 754, n. 21 (7th Cir.), *cert. denied*, 464 U.S. 992, 104 S.Ct. 484, 78 L.Ed.2d 680 (1983). 29 C.F.R. Section 1625.6(b).

■ When an employer seeks to justify denying employment on the basis of a BFOQ which relates to the safety of persons, a particular inquiry into age is called for. *Tuohy v. Ford Motor Co.*, 675 F.2d 842, 844 (6th Cir.1982).

The commission's regulations governing the establishment of a BFOQ defense in cases involving public safety are entitled to great weight. *Griggs v. Duke Power Co.*, 401 U.S. 424, 433–434, 91 S.Ct. 849, 854–855, 28 L.Ed.2d 158 (1971).

The Commission's regulations governing the establishment of a BFOQ defense in public safety cases require that an employer prove, (1) that the age limit is reasonably necessary to the essence of the employer's business, and (2) that all or substantially all individuals excluded from the job involved are in fact disqualified, or (3) that some of the individuals so excluded possess a disqualifying trait that cannot be ascertained except by reference to age. 29 C.F.R. Section 1625.6(b).

■ Defendants have not provided a scintilla of evidence in support of their asserted BFOQ defense and, therefore, as a matter of law, it must fail. *Orzel, supra.*

Indiana Code 36–8–4–7 and 36–8–8–7, insofar as they prevent any person from being hired as a municipal police officer after he/she has reached his/her thirty-sixth (36th) birthday, violates the ADEA.

Indiana Code 36–8–4–7 and 36–8–8–7 insofar as they prevent any person being hired as a municipal police officer after he/she has reached his/her thirty-sixth (36th) birthday, violates Commission Regulation 29 C.F.R. Section 1625.6(b) because the uncontroverted facts show that there are acceptable alternatives to the hiring

age restriction which would better or equally advance the goal of public safety.

The State's BFOQ defense fails to meet the standard established under the first prong of the test in *Usery v. Tamiami Tours, Inc.,* 531 F.2d 224, 235 (5th Cir.1976) because the uncontroverted facts show that the challenged age restriction is not reasonably necessary to the promotion of public safety.

The Commission is accordingly entitled to an injunction prohibiting the State and the City from enforcing Indiana Code 36–8–4–7 and 36–8–8–7.

To the extent that any of the statements of material facts set forth above are deemed to be conclusions of law or to the extent that any of the foregoing conclusions of law are deemed to be statements of material facts or conclusions of law as the case may be.